IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AUDREY ELKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:10-CV-1417-CEJ |
| | ) | |
| DET. NATHAN HART (DSN 3198), | ) | |
| ST. LOUIS COUNTY POLICE DEPT. | ) | **(42 U.S.C. 1983 Claim for Excessive Force** |
| individually; | ) | **and Supplemental State Law Claims**) |
| | ) | |
| Serve at: | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| 41 South Central Avenue | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| DET. JASON LAW (DSN 3046), | ) | |
| ST. LOUIS COUNTY POLICE DEPT. | ) | |
| individually; | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| 41 South Central Avenue | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| DET. THOMAS NOONAN (DSN 2598), | ) | |
| ST. LOUIS COUNTY POLICE DEPT. | ) | |
| individually; | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| 41 South Central Avenue | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| DET. JAMES STOEHNER (DSN 2535), | ) | |
| ST. LOUIS COUNTY POLICE DEPT. | ) | |
| individually; | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| 41 South Central Avenue | ) | |
| St. Louis, MO 63105 | ) | |

| | |
|---|---|
| DET. BRANDT WATHEN (DSN 3171), ST. LOUIS COUNTY POLICE DEPT. individually; | ) ) ) |

DET. BRANDT WATHEN (DSN 3171),  )
ST. LOUIS COUNTY POLICE DEPT.    )
individually;                    )
                                 )
Serve at:                        )
                                 )
41 South Central Avenue          )
St. Louis, MO 63105              )
                                 )
DET. RODNEY WOODALL (DSN 3384),  )
ST. LOUIS COUNTY POLICE DEPT.    )
individually;                    )
                                 )
Serve at:                        )
                                 )
41 South Central Avenue          )
St. Louis, MO 63105              )
                                 )
DET. ALLEN WILLIAMS (DSN 3503),  )
ST. LOUIS COUNTY POLICE DEPT.    )
individually;                    )
                                 )
Serve at:                        )
                                 )
41 South Central Avenue          )
St. Louis, MO 63105              )
                                 )
SGT. TIMOTHY CUNNINGHAM          )
(DSN 2697), ST. LOUIS COUNTY     )
POLICE DEPT.                     )
individually;                    )
                                 )
Serve at:                        )
                                 )
41 South Central Avenue          )
St. Louis, MO 63105              )
                                 )
COLONEL TIMOTHY FITCH,           )
ST. LOUIS COUNTY POLICE DEPT.    )
individually;                    )
                                 )
Serve at:                        )
                                 )

DET. BRANDT WATHEN (DSN 3171), )
ST. LOUIS COUNTY POLICE DEPT. )
individually; )
)
Serve at: )
)
41 South Central Avenue )
St. Louis, MO 63105 )
)
DET. RODNEY WOODALL (DSN 3384), )
ST. LOUIS COUNTY POLICE DEPT. )
individually; )
)
Serve at: )
)
41 South Central Avenue )
St. Louis, MO 63105 )
)
DET. ALLEN WILLIAMS (DSN 3503), )
ST. LOUIS COUNTY POLICE DEPT. )
individually; )
)
Serve at: )
)
41 South Central Avenue )
St. Louis, MO 63105 )
)
SGT. TIMOTHY CUNNINGHAM )
(DSN 2697), ST. LOUIS COUNTY )
POLICE DEPT. )
individually; )
)
Serve at: )
)
41 South Central Avenue )
St. Louis, MO 63105 )
)
COLONEL TIMOTHY FITCH, )
ST. LOUIS COUNTY POLICE DEPT. )
individually; )
)
Serve at: )
)

2

| | |
|---|---|
| 41 South Central Avenue | ) |
| St. Louis, MO 63105 | ) |
| | ) |
| ST. LOUIS COUNTY, | ) |
| a local governmental entity; | ) |
| | ) |
| Serve at: | ) |
| 41 South Central Avenue | ) |
| St. Louis, MO 63105 | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S AMENDED COMPLAINT

Comes Now, Plaintiff, Audrey Elkins, by and through her counsel, Gilbert C. Sison, and for its Amended Complaint states as follows:

### INTRODUCTION

1.      This is a civil action seeking money damages against the above-named Defendants for committing acts, under color of state law, which deprived Plaintiff's son of his rights secured under the Constitution and laws of the United States and the State of Missouri and for refusing or neglecting to prevent such deprivations and denials to Plaintiff's son.

### PARTIES

2.      Plaintiff, Audrey Elkins is a resident and citizen of the State of Missouri. Ms. Elkins was the mother of Craig Foster. Craig Foster was an individual who was a resident and citizen of the State of Missouri during the events described in this Amended Complaint. Mr. Foster died on August 21, 2008, as a result of injuries inflicted by officers of the St. Louis County Police Department, which occurred during an altercation whereby said officers deliberately used excessive force in attempting to arrest him.

3. Plaintiff, as the mother of the deceased, Craig Foster, has standing to bring this suit against the Defendants for injuries which resulted in Mr. Foster's death.  State law determines who is a proper plaintiff, so long as state law is not inconsistent with the Constitution or federal law.  See Andrews v. Neer, 253 F.3d 1052, 1056 (8th Cir. 2001).  The Missouri wrongful death statute addresses the survival of injury claims that result in death.  Id. at 1057-58.  Such claims may be brought by the spouse or children or the surviving lineal descendants, or by the father or mother of the deceased.  See MO. REV. STAT. § 537.080.1 (1).  See also Andrews, 253 F.3d at 1058 (holding that daughter had standing to bring a section 1983 action by virtue of Missouri wrongful death statute for injuries which resulted in her father's death).

4. Defendant Nathan Hart (DSN 3198) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

5. Defendant Jason Law (DSN 3046) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

6. Defendant Thomas Noonan (DSN 2598) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

7. Defendant James Stoehner (DSN 2535) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

8. Defendant Brandt Wathen (DSN 3171) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

9. Defendant Rodney Woodall (DSN 3384) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

10. Defendant Allen Williams (DSN 3503) was at all relevant times related to this Amended Complaint a detective in the employ of the St. Louis County Police Department assigned to the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.

11. Defendant Timothy Cunningham (DSN 2697) was at all relevant times related to this Amended Complaint the supervisor of the Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.  Defendant Cunningham had direct supervisory responsibility over the Defendants named in paragraphs 4 through 10 above.

12. Defendant Col. Timothy Fitch was at all relevant times related to this Amended Complaint, the chief of police for the St. Louis County Police Department.

13.     Defendant St. Louis County is a local governmental entity under the laws of the State of Missouri.  Said Defendant constitutes the official policymaker for the St. Louis County Police Department in all matters alleged herein, with the power and duty to control, supervise and discipline the conduct of St. Louis County law enforcement officers.

## JURISDICTION

14.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343 (a)(3).

15.     Plaintiff's claims arise under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Missouri.  Plaintiff's rights therein may be redressed pursuant to 42 U.S.C. §§1983 and 1988.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

## EVENTS COMMON TO ALL COUNTS

16.     On August 21, 2008, Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were conducting surveillance on Craig Foster, who at the time resided at 8620 Graham Lane.

17.     Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were conducting surveillance on Craig Foster based on a tip from a confidential informant.  Craig Foster was not under arrest.  Rather, the Defendants were following him because they were

apparently intending to execute a search warrant at his residence located at 8620 Graham Lane.

18.     Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were following Craig Foster in unmarked cars.  None of the cars that were following Craig Foster used any lights or sirens as they were following him.

19.     Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were able to stop the car near a residence in the 8000 block of Graham, a couple of houses from Craig Foster's residence.  Said Defendants rapidly approached Craig Foster's vehicle, pulled him and forced him to the ground.

20.     Because the aforementioned Defendants abruptly pulled Craig Foster from the vehicle, he did not have an opportunity to place the car in park.  As a result, the vehicle continued to roll after said Defendants had forcibly removed Craig Foster from the vehicle.  One of the above Defendants then jumped into the car and stopped the vehicle but not before the vehicle had rolled backward and pinned Craig Foster's arm on the ground.

21.     After Craig Foster was forcibly removed from the vehicle, Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams quickly pinned, handcuffed and subdued Mr. Foster, at which point he was no longer a threat to the officers.

22.     After Craig Foster was handcuffed, Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams beat and kicked Craig Foster repeatedly as he lay defenseless on the ground.

23.     During this beating, one of the aforementioned Defendants kicked Craig Foster's head as if it were a soccer ball.  Shortly thereafter, Craig Foster lost consciousness.

24.     After Craig Foster fell unconscious, one of the aforementioned Defendants attempted to perform CPR on him as he was lying face up with his hands handcuffed behind him.

25.     During this time period, one of the Defendants called for emergency personnel to respond to the scene for the purpose of reviving Mr. Foster.  When emergency personnel arrived, the above Defendants refused to remove the handcuffs on Mr. Foster as the paramedics were administering first aid.  Eventually, at the request of the paramedics, the cuffs were removed.

26.     After Mr. Foster failed to respond to first aid treatment, he was brought to Christian Northeast Hospital where Mr. Foster died as a result of the injuries inflicted by the aforementioned Defendants.

### COUNT I – EXCESSIVE FORCE (VIOLATION OF FOURTH AMENDMENT)
**(Against Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams in their individual capacities)**

27.      By this reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 of this Amended Complaint as though fully set forth herein.

28.     The force used by Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams to arrest Craig Foster was unreasonable in light of the circumstances in that it was clearly in excess of the force required to subdue and arrest him.

29.      As a direct and proximate result of the unlawful and malicious physical abuse of

Craig Foster by Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams under color of law and under each individual's authority as a St. Louis County law enforcement officer, Plaintiff's son was killed and was deprived of his right to be secure in his person, against the unreasonable seizure of his person and the use of excessive force, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

30. As a direct and proximate result of the malicious and outrageous conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, Craig Foster suffered severe and permanent injuries and damages, which resulted in his death.

31. The acts of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

32. If Plaintiff prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams , jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT II – FAILURE TO INTERCEDE
**(Against Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams in their individual capacities)**

33. By reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this Amended Complaint as though fully set forth herein.

9

34.	When Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams seized Craig Foster they forced him to the ground.

35.	While Craig Foster was on the ground Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams punched, kicked and continued to beat Mr. Foster until he became unconscious.

36.	Each and every Defendant ignored Mr. Foster's cries for help and responded by continuing to beat him.

37.	Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams knew that the force used was unreasonable in light of the circumstances in that it was clearly in excess of the force required to subdue Mr. Foster.

38.	Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams had numerous opportunities to intercede on behalf of Mr. Foster and prevent each other from subjecting him to the use of excessive force and unlawful and unreasonable seizure of his person in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

39.	None of the Defendants in this case stopped to intercede on behalf of Mr. Foster.

40.	As a direct and proximate result of the malicious and outrageous conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, Craig Foster suffered severe and permanent injuries and damages, which resulted in his death.

41.	In addition, the acts of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were intentional, wanton, malicious and oppressive, thus entitling Plaintiff

to an award of punitive damages against said Defendants in their individual capacities.

42. If Plaintiff prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III – SUPERVISORY LIABILITY COGNIZABLE UNDER 42 U.S.C. §1983
**(Against Defendants Fitch and Cunningham in their individual capacities)**

43. By reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 42 of the Amended Complaint as though fully set forth herein.

44. Defendant Cunningham served as the supervisor of Division of Criminal Investigation, Bureau of Drug Enforcement, Street Enforcement Team.  Defendant Cunningham had direct supervisory liability over Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams

45. Defendant Fitch served as Chief of Police for the St. Louis County Police Department during the events alleged in this Complaint.  Defendant Fitch had overall supervisory liability over Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams , as well as other law enforcement personnel of the St. Louis County Police Department.

46. Upon information and belief, as supervisor of the Bureau of Drug Enforcement, Street Enforcement Team, Defendant Cunningham has received complaints about the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and/or other officers of said unit regarding, among

11

other things, their use of excessive or unreasonable force against other citizens, or in the exercise of due diligence would have perceived that Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Craig Foster.

47. As supervisor of the Bureau of Drug Enforcement, Street Enforcement Team, Defendant Cunningham was directly responsible for the training, instruction, supervision, discipline and control of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, as well as other members of said unit.

48. Upon information and belief, during his tenure as Chief, Defendant Fitch has received complaints about the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and/or other officers of St. Louis County Police Department regarding, among other things, their use of excessive or unreasonable force against other citizens, or in the exercise of due diligence would have perceived that Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Craig Foster.

49. As commanding officer, Defendant Fitch had overall responsibility for the training, instruction, supervision, discipline and control of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and the other officers of the St. Louis County Police Department.

50. Defendants Cunningham and Fitch knew or in the exercise of due diligence should have known that the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams as displayed towards Craig Foster in the incident, was likely to occur.

51. Defendants Cunningham and Fitch acting within the scope and course of their employment, failed to take any preventative or remedial measures, including but not limited to disciplinary actions and training with respect to the proper use of police force, to guard against the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, which is more fully set forth and described herein, and had said Defendants taken such measures, Craig Foster would not have suffered the deprivation of his rights as more fully set forth herein.

52. The failure of Defendants Cunningham and Fitch to take such measures amounted to gross negligence, deliberate indifference and/or tacit authorization of the offensive conduct and practices which directly caused the constitutional deprivations suffered by Craig Foster.

53. Defendants Cunningham and Fitch failed to train, instruct, supervise, and discipline Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams, and said failure caused Craig Foster to suffer the injuries which resulted in his death.

54. The acts of Defendants Cunningham and Fitch were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

WHEREFORE, Plaintiff prays for judgment against Defendants Cunningham and Fitch for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT IV– FAILURE TO INSTRUCT, SUPERVISE AND CONTROL OFFICERS COGNIZABLE UNDER 42 U.S.C. §1983
**(Against Defendant St. Louis County)**

55.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 54 of this Amended Complaint as though fully set forth herein.

56.     At all times relevant to this Amended Complaint, Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams were acting as agents and employees of the St. Louis County Police Department, which, in turn, is an instrumentality of St. Louis County, a local governmental entity.

57.     Upon information and belief, St. Louis County has received previous complaints about the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and/or other officers of the St. Louis County Police Department regarding, among other things, their use of excessive or unreasonable force against other citizens, or in the exercise of due diligence should have perceived that Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and/or other officers of the St. Louis County Police Department had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Craig Foster.

58.     Despite having knowledge of such complaints, St. Louis County did nothing to discipline Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams and/or other officers of the St. Louis County Police Department for such conduct, thus evidencing an unwritten policy on the part of St. Louis County tacitly authorizing conduct that was in violation of its citizens' constitutional and statutory rights as guaranteed by the United States Constitution and federal and

Missouri law.

59. Nor did St. Louis County, upon noticing a pattern and practice of such conduct among its police officers, do anything to institute new and/or additional training programs for such officers in the performance of their duties. For example, St. Louis County failed to institute new and/or additional training programs for its officers for the purpose of training them to refrain from:

(a) Unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable and excessive force before, during or after the making of an arrest, whether the arrest was lawful or unlawful;

(b) Unlawfully using deadly force to combat non-deadly force or using deadly force in situations that could be controlled by the use of pepper mace;

(c) Unlawfully striking a suspect on the head or neck with a baton, flashlight, billy club or other blunt object;

(d) Unlawfully striking a suspect who has been subdued and handcuffed; and

(e) Otherwise depriving citizens of their constitutional and statutory rights, privileges and immunities.

60. St. Louis County's failure to implement new or additional programs of the type described above, in light of their knowledge of the pattern and practice of its officers, rendered whatever training programs it had in place, if any, constitutionally deficient.

61. St. Louis County's failure to discipline and control its officers, despite knowledge of their unlawful pattern and practices, amounted to deliberate indifference to the rights of its citizens to be free from the use of unreasonable force with respect to lawful and/or unlawful arrests. It further shows a conscious disregard for its citizens' other rights as guaranteed by the United States Constitution, federal law and the laws of the State of Missouri.

62.     Such deliberate indifference is tantamount to a tacit authorization of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams' actions with respect to Mr. Foster and was a proximate cause of the injuries suffered by him.

63.     St. Louis County's failure to institute new and/or additional training programs, despite knowledge of their officers' unlawful pattern and practices, amounted to deliberate indifference to the rights of its citizens to be free from the use of unreasonable force with respect to lawful and/or unlawful arrests.  It further shows a conscious disregard for its citizens' other rights as guaranteed by the United States Constitution, federal law and the laws of the State of Missouri.

64.     Such deliberate indifference is tantamount to a tacit approval that its training programs, if any, were deficient to prevent the type of harm that was suffered by Craig Foster.

65.     Craig Foster's injuries were a proximate result of St. Louis County's failure to train its officers adequately in how to protect its citizens' civil rights, most notably, a citizen's right to be free from the excessive use of force in effecting a lawful or unlawful arrest.

66.     If Plaintiff prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant St. Louis County for an award of compensatory damages that is just and reasonable, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

**COUNT V – WRONGFUL DEATH UNDER R.S. MO. § 537.080 – SUPPLEMENTAL STATE LAW CLAIM**
**(Against Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams in their individual capacities)**

67.     By this reference, Plaintiff incorporates each and every allegation and averment

contained in paragraphs 1 through 66 of this Amended Complaint as though fully set forth herein.

68. The death of Mr. Foster was caused, in whole or in part, by the conduct of Defendants Hart, Law, Noonan, Stoehner, Wathen, Woodall and Williams when they beat him during the course of his arrest.

69. The above Defendants' actions in beating Mr. Foster during the course of arresting and seizing him were negligent in that they used more force than was necessary to effectuate the arrest.

70. The deceased, Mr. Foster, has no surviving spouse, children, beneficiaries or dependants, but is survived by his mother, Audrey Elkins, who is a proper party to this lawsuit pursuant to R.S.Mo. § 537.080.

71. As a result of Defendants' actions, Ms. Elkins has suffered pecuniary damages in the form of unpaid medical, funeral expenses and conscious pain and suffering that the Plaintiff suffered between the onset of the injury and his death. In addition, Ms. Elkins has suffered damages in the form of loss companionship, comfort, guidance, counsel and support that the deceased provided to her prior to his death. Furthermore, Ms. Elkins has suffered mental anguish, suffering and bereavement as a result of Mr. Foster's death.

72. Ms. Elkins is furthermore entitled to an award of punitive damages because the Defendants were indifferent to the consequences of their actions when they beat Mr. Foster during the course of trying to arrest and subdue him. Furthermore, their actions were willful and a blatant disregard for Mr. Foster's well being – actions, which eventually resulted in his death.

WHEREFORE, Plaintiff prays for judgment against Defendants Hart, Law, Noonan,

Stoehner, Wathen, Woodall and Williams for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

Dated: April 14, 2011.

                              Respectfully submitted,

                              ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:    /s/Gilbert C. Sison
        GILBERT C. SISON, #52346MO
        120 S. Central Avenue, Suite 130
        St. Louis, MO 63105
        Telephone: (314) 862-4332
        Facsimile: (314) 862-8050
        Mobile: (314) 458-5478
        E-mail: gsison@rsrglaw.com

        Attorney for Plaintiff, Audrey Elkins

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF CRAIG FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV-1417-CEJ |
| | ) |
| DET. JOHN HALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2011, a true and correct copy of the following document was sent by the Court's electronic filing system to Mr. Michael Shuman, Assistant County Counselor. **Plaintiff's Amended Complaint**

           ROSENBLUM, SCHWARTZ, ROGERS &
           GLASS, P.C.

       By: /s/Gilbert C. Sison
          GILBERT C. SISON, #52346MO
          120 S. Central Avenue, Suite 130
          St. Louis, MO 63105
          Telephone: (314) 862-4332
          Facsimile: (314) 862-8050
          E-mail: gsison@rsrglaw.com

          Attorney for Plaintiff, Audrey Elkins